UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES,

      v.                                                          04-cr-0543

REN AI LI, et al.,

                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THOMAS J. McAVOY
Senior United States District Judge

## **ORDER**

       The government moves for reconsideration of this Court's prior decision vacating the pre-trial seizure orders. "The Government . . . urges the Court to entertain the motion for reconsideration for several reasons, including that the Court relied upon a definition of 'proceeds' that is unduly restrictive; that the decision in United States v. Maali, 358 F.Supp.2d 1154 (MDFL 2005), which the Court cited as a basis for its decision, has recently been approved for appeal by the Solicitor General and is now on appeal; and that the Court's definition of "proceeds" may present possible implications for Count Three of the indictment, as well as the forfeiture count. . . ."

       "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked-matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Polanco v. United States, 2000 WL 1346726, at *1

(S.D.N.Y. September 19, 2000); Califano v. United States, 1998 WL 846779, at *1 (E.D.N.Y. September 4, 1998). "The high burden imposed on the moving party has been established in order to dissuade repetitive arguments on issues that have already been considered by the court and discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court [and] to ensure finality and prevent the practice of a losing party examining a decision and then plugging the gaps of the lost motion with additional matters." Nowacki v. Closson, 2001 WL 175239, *1 (N.D.N.Y. Jan. 24, 2001) (Munson, J.) (internal citations and quotations omitted). Reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir.1998); see also Polanco, 2000 WL 1346726 at *1 (quoting Schrader, 70 F.2d at 256) (Reargument is not a vehicle to "advance new facts, issues or arguments not previously presented to the court.")). The Northern District of New York "recognizes only three possible grounds upon which a motion for reconsideration may be granted: (1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct clear error of law to prevent manifest injustice." Nowacki, 2001 WL 175239, at *1 (quoting In re C-TC 9th Avenue Partnership, 183 B.R. 1, 3 (N.D.N.Y. 1995)).

Having reviewed the parties' briefs, the Court finds that the government has failed to satisfy a basis upon which reconsideration may be granted. The government does not point to an intervening change in controlling law, it does not point to any controlling law overlooked by the court, and the Court does not see that there has been a clear error of law. This Court continues to believe that any unusually high profits realized by Defendant may

constitute the proceeds of some violation of the law, but is too attenuated to the immigration laws at issue here. Accordingly, the motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:Augusr15,2006

Thomas J. McAvoy
Senior, U.S. District Judge